RADIOLOGY ASSOCIATES, P.A. *v.*
AETNA CASUALTY AND SURETY COMPANY

CA 80-442                                        613 S.W. 2d 106

Court of Appeals of Arkansas
Opinion delivered March 11, 1981
[Rehearing denied April 15, 1981.]

*Frederick S. Ursery*, for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a decision of the Pulaski Circuit Court holding that appellee was not liable to appellant on an employee dishonesty policy.

In September of 1977, appellant's bookkeeper requested maternity leave, and appellant sought temporary help. They hired Helen Warfel, who was referred to them by Select Aides, a temporary help employment service. Mrs. Warfel began work September 12, 1977, and was trained by the permanent bookkeeper through October 3, 1977, when the maternity leave began. Mrs. Warfel worked through November 22, 1977.

Mrs. Warfel was paid by Select Aides at the rate agreed upon by Mrs. Warfel and appellant of $3.50 per hour during training and $4.00 per hour while the permanent book-

keeper was on leave. Select Aides billed appellant for the hourly rate paid Mrs. Warfel plus forty-two percent. From the forty-two percent Select Aides paid social security, withholding, Workers' Compensation Insurance and other deductions required by law, and retained the balance of its fee. The duties performed by Mrs. Warfel were identical to those performed by the permanent bookkeeper.

On November 22, 1977, the permanent bookkeeper returned to work and discovered that Mrs. Warfel had embezzled over $119,000 from appellant by issuing checks to fictitious payees.

Prior to these events, appellee had issued to appellant an insurance policy in the amount of $25,000.00, covering losses sustained through fraud or dishonesty practiced by any employee. Appellee denied coverage, alleging that Mrs. Warfel was not an employee of appellant under the policy.

Appellant urges that the trial court erred in finding that Mrs. Warfel was not an employee of appellant, and therefore not covered by the policy issued by appellee.

The insurance policy defines "employee" as follows:

" 'Employee' means any natural person (except a director or trustee of the Insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Insured in the ordinary course of the Insured's business during the Policy Period and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. As applied to loss under Insuring Agreement 1, the above words 'while in the regular service of the Insured' shall include the first 30 days thereafter; . . ."

Appellee concedes that Mrs. Warfel met this definition in all respects except two. First, appellee argues that she was

not in the regular service of the appellant, and second, that appellant did not compensate her by salary, wages, or commission.

It is clear that her duties were the same as the regular bookkeeper, that she worked the same hours and that outwardly she was a regular employee of appellant. It is undisputed that her employment was temporary. The policy of insurance does not exclude temporary employees, and in fact does not make any distinction between permanent and temporary employees. Even though the job was temporary, it was in the regular service of the appellant.

Appellee argues that it should be allowed to limit its coverage to regular employees whose background it can check. Counsel does not cite us to any provision of the policy which so limits liability. Further, we are unable to find any provision of the policy which requires appellant to notify appellee of the hiring of new employees, either temporary or permanent.

The right of control is of major importance in determining the relationship between appellant and Mrs. Warfel. *Sandy* v. *Salter*, 260 Ark. 486, 541 S.W. 2d 929 (1976), *Martin* v. *Indiana Refrigeration Lines, Inc.*, 262 Ark. 671, 560 S.W. 2d 228. Appellant had control over Mrs. Warfel as to the manner in which she did her work; it hired her and it alone had the authority to fire her, or alter the terms of her employment, and she received wages paid by appellant in the agreed amounts.

The remaining question is whether the arrangements as to method of payment prevent Mrs. Warfel from being considered an "employee" of appellant. As a result of a personal interview, appellant hired Mrs. Warfel. The rate of compensation, $3.50 per hour while in training and $4.00 per hour thereafter, was negotiated between appellant and Mrs. Warfel. Select Aides billed appellant for the hourly rate plus forty-two percent, which covered deductions required by law, Workers' Compensation Insurance, and the fee due Select Aides. The form of the business agreement between Select Aides and appellant as to pay is not determinative as

to whether appellant paid Mrs. Warfel "salary, wages, or commission." Mrs. Warfel was paid the agreed rate by appellant just as surely as if appellant had paid her directly by one check with a separate check going to Select Aides for its forty-two percent. The method by which Mrs. Warfel was paid is of little significance, since it is clear that the funds she received originated with appellant.

We believe that the evidence shows, as a matter of law, Mrs. Warfel to have been an employee of appellant, as defined by the insurance policy issued by appellant. The case is reversed and remanded for entry of a judgment in favor of appellant consistent with this opinion.

Reversed and remanded.

GLAZE, J., not participating.